IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON


**MARVIN MATTHEWS v. HENRY STEWARD, WARDEN**

**Appeal from the Circuit Court for Lake County**
**No. 15CR10020     R. Lee Moore, Jr., Judge**

_____

**No. W2015-00591-CCA-R3-HC  -  Filed October 23, 2015**
_____


The Petitioner, Marvin Matthews, appeals the trial court's denial of his petition for writ of habeas corpus.  The State has filed a motion requesting that this court affirm the trial court's judgment pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Following our review, we grant the State's motion and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

James E. Lanier, District Public Defender; and Timothy Boxx, Assistant District Public Defender, for the Appellant, Marvin Anthony Matthews.

Herbert H. Slatery III, Attorney General and Reporter; and Rachel E. Willis, Senior Counsel, for the Appellee, State of Tennessee.



**OPINION**


On December 13, 1988, the Petitioner was convicted of grand larceny.  He was found to be a habitual criminal offender under the provisions of the habitual criminal act and was sentenced to life imprisonment.  This court affirmed the Petitioner's conviction and sentence on direct appeal.  *See Marvin Anthony Matthews v. State*, No. 16, 1990 WL 2862, at *1 (Tenn. Crim. App. Jan. 17, 1990), *perm. app. denied* (Tenn. May 14, 1990).

The Petitioner has since filed multiple post-conviction petitions and habeas corpus petitions. On January 12, 2015, the Petitioner filed what he acknowledged in his appellate brief to be his ninth petition for writ of habeas corpus. The Petitioner maintained that he was entitled to pretrial jail credit from July 12, 1988, to September 14, 1989. The trial court appointed counsel to represent the Petition, and the State filed a motion to dismiss. On February 24, 2015, the trial court entered an order granting the State's motion and dismissing the petition.

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. Tenn. Const. art. I, § 15; *see* T.C.A. §§ 29–21–101 to –130. The grounds upon which a writ of habeas corpus may be issued, however, are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting *State v. Galloway*, 45 Tenn. (5 Cold.) 326, 337 (1868)). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992) (citing *State ex rel. Newsom v. Henderson*, 221 Tenn. 24, 424 S.W.2d 186, 189 (Tenn. 1968)). A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." *Taylor*, 995 S.W.2d at 83 (citing *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998); *Archer*, 851 S.W.2d at 161–64). However, as the Tennessee Supreme Court stated in *Hickman v. State*:

> [A] voidable judgment is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity. Thus, in all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee Court cannot issue the writ of habeas corpus under such circumstances.

153 S.W.3d 16, 24 (Tenn. 2004) (internal citations, quotations, and emphasis omitted); *see Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007) (citation omitted). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000).

Tennessee Code Annotated section 29-21-107(b)(4) mandates that a petition attach copies of prior habeas corpus petitions to a current petition or provide a satisfactory

reason for his failure to do so. The Petitioner failed to attach copies of his prior habeas corpus petitions and did not provide an explanation for the omission. The statutory procedures for seeking habeas corpus relief are mandatory and must be followed scrupulously. *Hickman*, 153 S.W.3d at 19. Accordingly, summary dismissal of the Petitioner's petition was appropriate.

Moreover, this court has previously rejected the Petitioner's claim that he is entitled to pretrial jail credits from July 12, 1988, to September 14, 1989. *See Marvin Anthony Matthews v. Tony Parker, Warden*, No. W2010-00442-CCA-R3-HC, 2010 WL 2490773, at *4 (Tenn. Crim. App. June 21, 2010), *perm. app. denied* (Tenn. Nov. 12, 2010). The Petitioner is not entitled to relief.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action is taken in a proceeding without a jury, such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. The judgment of the trial court, therefore, is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOHN EVERETT WILLIAMS, JUDGE

3